UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL J. SMITH,

                       Plaintiff,                        Case No. 17-cv-13060

v.                                               Honorable Thomas L. Ludington

WAYNE COUNTY CIRCUIT COURT, et al.,

                       Defendants.
_____/

**ORDER SUMMARILY DISMISSING COMPLAINT AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a pro se prisoner civil rights case under 42 U.S.C. § 1983. In 1985, Plaintiff was convicted by a jury in Recorder's Court for the City of Detroit of first-degree murder. (Complaint at 8). He was sentenced to life imprisonment. (Id.). Plaintiff names three defendants: The Honorable Leonard Townsend, The Honorable Michael James Callahan, and Wayne County Circuit Court. He alleges that defendant Judge Townsend violated a state-created liberty interest by failing to comply with state Administrative Order No. 1985-7, Sec. 3(d)(i)-(ii) and Sec. 3(8) which he contends prohibits trial counsel from being appointed as appellate counsel when the conviction carries a possible life sentence. Compl. at 11. He also alleges that all defendants violated a state-created liberty interest by sentencing him to life in prison under an unconstitutional state law, Mich. Comp. Laws §750.316. Plaintiff seeks injunctive relief in the form of a new appeal of right in state court and a declaration that his sentence is unconstitutional.

**I.**

To state a federal civil rights claim, a plaintiff must allege (1) the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2)

the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 677, quoting *Twombly*, 550 U.S. at 557.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Because the court finds the complaint fails to state a claim upon which relief can be granted, the complaint will be dismissed.

**II.**

Plaintiff's complaint fails to state a claim against Judges Townsend and Callahan because they are immune from suit. Defendant Judges Townsend and Callahan are both judicial officers. Judges are absolutely immune from civil rights suits for money damages when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,'" and "'the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* at 13, quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge's conduct or communication does not become non-judicial simply because it is erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12.

Injunctive relief against a judicial officer is also foreclosed under 42 U.S.C. § 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." *Kipen v. Lawson*, 57 Fed. App'x 691 (6th Cir. 2003). The conduct challenged by Plaintiff was well within the scope of defendant Judges Townsend's and Callahan's judicial capacity, was not done in absence of jurisdiction, and Plaintiff does not allege a violation of a declaratory decree. *See* 42 U.S.C. § 1983. Plaintiff is not entitled to declaratory relief because there is no justiciable controversy between a judge acting as a "disinterested judicial adjudicator" and a party to the lawsuit. Accordingly, defendant Judges Townsend and Callahan are immune from suit.

Plaintiff's allegations against Wayne County Circuit Court fail to state a claim because the Eleventh Amendment bars civil rights actions against a state and its agencies and

departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Sixth Circuit has held that "there can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch of the state." *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 763 (6th Cir.2010) (emphasis omitted). Accordingly, the Wayne County Circuit Court is immune from liability for cases filed under § 1983.

### III.

For the reasons set forth above, the Court concludes that Plaintiff's complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted.

Accordingly, it is **ORDERED** that the complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED.**

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: October 27, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager