UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL J. SMITH,

    Plaintiff,

v.

WAYNE COUNTY CIRCUIT COURT,
et al.,

    Defendant.
_____/

Case No. 17-13060

Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND REQUEST TO AMEND COMPLAINT, AND STRIKING FIRST AMENDED COMPLAINT

This matter is before the Court on Plaintiff Darryl J. Smith's Motion for Relief from Judgment and Request to Amend Civil Rights Complaint. Plaintiff seeks relief from the Court's dismissal of his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted. ECF No. 5. Plaintiff's complaint arose from his 1985 state court conviction for first-degree murder and named three defendants: the Honorable Leonard Townsend, the Honorable Michael James Callahan, and Wayne County Circuit Court. Plaintiff alleged that defendant Judge Townsend violated a state-created liberty interest by failing to comply with a state administrative order when appointing appellate counsel to represent him on direct appeal, and that all defendants violated a state-created liberty interest by sentencing him to life in prison under an unconstitutional state law, Mich. Comp. Laws §750.316. The Court found that defendant Judges Townsend and Callahan are entitled to absolute judicial immunity and that the Wayne County Circuit Court is entitled to Eleventh Amendment immunity. The Court finds no justification for granting relief from judgment and denies the motion.

Plaintiff seeks relief under Fed. Rule Civ. P. 60(b)(6), which provides that a district court may grant relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(b). Rule 60(b)(6) should apply only in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corporation*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation omitted). It is invoked only in those "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Rule 60(b)(6) exists to allow courts to vacate judgments whenever such action is appropriate to accomplish justice in extraordinary circumstances. *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949).

Plaintiff argues that the Court relied on his citation to the Fifth Amendment in dismissing his petition. He argues that, based upon his reliance on the Fifth Amendment, the Court improperly assumed that he sought monetary relief from defendants rather than declaratory relief. Plaintiff seeks to amend his complaint to exclude all references to the Fifth Amendment and believes that this amendment will cure the deficiencies in his original complaint.

The Court's dismissal of Plaintiff's complaint was not based upon references to the Fifth Amendment or upon an assumption that Plaintiff sought monetary rather than declaratory or injunctive relief. The Court recognized that Plaintiff sought declaratory and injunctive relief, not monetary relief, and found that Defendants are immune from suit regardless of the relief sought. *See* 10/27/17 Order at 1, 3–4. Plaintiff's motion fails to establish that equity mandates relief from judgment. Any amendment to the complaint to omit references to the Fifth Amendment would be futile because the dismissal was not based upon these references.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Relief from Judgment and Request to Amend Complaint, ECF No. 7 are **DENIED.**

It is further **ORDERED** that the First Amended Complaint, ECF No. 8, is **STRICKEN.**

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: September 18, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 18, 2018.

                            s/Kelly Winslow
                            KELLY WINSLOW, Case Manager